UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RAYSHOAN ELLISON | No. 22 CR 534<br><br>Judge Gary S. Feinerman |

**PROTECTIVE ORDER GOVERNING DISCOVERY**

Upon the unopposed motion of the government, pursuant to Fed. R. Crim. P. 16(d), it is hereby ORDERED:

1. All state grand jury materials provided by the United States in preparation for, or in connection with, any stage of the proceedings in this case (collectively, "the materials") are subject to this protective order and may be used or disclosed by defendant's counsel (defined as counsel of record in this case) and their respective staff only as necessary for preparation of the defense in the case, and for no other purpose, and in connection with no other proceeding, without further order of this Court.

2. Defendant's counsel and their respective staff shall not disclose the materials or their contents directly or indirectly to any person or entity other than to persons employed to assist in the defense, persons who are interviewed as potential witnesses, counsel for potential witnesses, and other persons to whom the Court may authorize disclosure (collectively, "authorized persons"). Potential witnesses and their counsel may be shown copies of the materials as necessary to prepare the defense but may not retain copies without prior permission of the

1

Court.

3. Defendant's counsel and their staff shall not copy or reproduce the materials except in order to provide copies of the materials for use in connection with this case by defendant's counsel and authorized persons. Such copies and reproductions shall be treated in the same manner as the original materials.

4. Defendant's counsel and their staff shall not disclose any notes or records of any kind that they make in relation to the contents of the materials, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original materials.

5. Upon conclusion of all stages of this case, all of the materials and all copies made thereof shall be disposed of in one of two ways, unless otherwise ordered by the Court. The materials may be (1) destroyed or (2) returned to the United States to be retained in the United States Attorney's case file or destroyed. The Court may require a certification as to the disposition of any such materials.

6. To the extent any material is produced by the United States to defendant or defendant's counsel by mistake, the United States shall have the right to request the return of the material and shall do so in writing. Within five days of the receipt of such a request, defendant and/or defendant's counsel shall return all such material if in hard copy, and in the case of electronic materials, shall certify in writing that all copies of the specified material have been deleted from any location in which the material was stored.

7. The restrictions set forth in this Order do not apply to documents that

are or become part of the public court record, including documents that have been received in evidence at other trials, nor do the restrictions in this Order limit defense counsel in the use of discovery materials in judicial proceedings in this case.

8. Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

ENTER:

GARY S. FEINERMAN
District Court Judge
United States District Court
Northern District of Illinois

Date: December 7, 2022

3

Case: 1:22-cr-00534 Document #: 17 Filed: 12/07/22 Page 4 of 4 PageID #:28